AO 91 (Rev. 08/09)  Criminal Complaint

FILED BY ___TM___ D.C.

AUG 20 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) |
| v. | ) |
|  | ) Case No. 19-8350-BER |
| Carlos MARIN-DELGADILLO, | ) |
|  | ) |
|  | ) |
| *Defendant(s)* | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __August 13, 2019__ in the county of __Palm Beach__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| Title 8, United States Code, Section 1326(a) | Illegal re-entry after deportation |

This criminal complaint is based on these facts:
See Attached Affidavit.

☑ Continued on the attached sheet.

_____
Complainant's signature

Andy Korzen, Task Force Officer, HSI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 8/20/19

_____
Judge's signature

City and state: __West Palm Beach, FL__   Bruce Reinhart, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT OF ANDY KORZEN
## UNITED STATES DEPARTMENT OF HOMELAND SECURITY
## **IMMIGRATION AND CUSTOMS ENFORCEMENT**

I, Andy Korzen, being duly sworn, depose and state as follows:

1. I am a Task Force Officer (TFO) with Homeland Security Investigations (HSI), and am also a Deportation Officer with Immigration and Customs Enforcement (ICE), and have been so employed for over sixteen years. I am currently assigned to HSI, West Palm Beach, Florida. My duties and responsibilities include enforcing criminal and administrative immigration laws of the United States. I have also conducted and participated in investigations of this nature.

2. This affidavit is based upon my own knowledge as well as information provided to me by other law enforcement officers. This affidavit does not set forth every fact known to me regarding the investigation but only those facts necessary to establish probable cause to believe that Carlos MARIN-DELGADILLO committed the offense of illegal re-entry after deportation, in violation of Title 8, United States Code, Section 1326(a).

3. On or about August 13, 2019, Carlos MARIN-DELGADILLO was arrested in Palm Beach County, Florida on charges of grand theft of an auto, possession of cocaine, and driving while license suspended. He was booked and detained at the Palm Beach County Jail.

4. A review of the immigration alien file assigned to Carlos MARIN-DELGADILLO shows that he is a native and citizen of Mexico. Records further show that on or about May 19, 2000, Carlos MARIN-DELGADILLO was ordered

1

removed from the United States. The Order of Removal was executed on the same day, that is on or about May 19, 2000, whereby Carlos MARIN-DELGADILLO was removed from the United States and returned to Mexico.

5. I scanned Carlos MARIN-DELGADILLO's fingerprints taken in connection with his August 13, 2019 arrest in Palm Beach County into the IAFIS system. Results confirmed that scanned fingerprints belong to the individual who was previously removed from the United States, that is Carlos MARIN-DELGADILLO.

6. I performed a record check in the Computer Linked Application Informational Management System to determine if Carlos MARIN-DELGADILLO filed an application for permission to reapply for admission into the United States after deportation or removal. After a search was performed in that database system, no record was found to exist indicating that Carlos MARIN-DELGADILLO obtained consent from the Attorney General of the United States or from the Secretary of Homeland Security, for re-admission into the United States as required by law.

7. Based on the foregoing, I submit that probable cause exists to believe that, on or about August 13, 2019, Carlos MARIN-DELGADILLO, an alien who has previously been deported and removed from the United States, was found in the United States without having received the express consent from the Attorney General or the Secretary of the Department of Homeland Security for

re-admission into the United States, in violation of Title 8, United States Code, Section 1326(a).

                                        Andy Kofzen
                                        Task Force Officer
                                        Homeland Security Investigations

Subscribed and sworn to before me
this __2 0__ day of August 2019.

BRUCE REINHART
UNITED STATES MAGISTRATE JUDGE

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name**: Carlos MARIN-DELGADILLO

**Case No**: 19-8350-BER

Count #: 1

    Illegal re-entry after removal

    Title 8 U.S.C. § 1326(a)

\* **Max.Penalty**: up to 2 years of imprisonment; 1 year of supervised release; a $250,000 fine, and a mandatory $100 special assessment

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-8350-BER

UNITED STATES OF AMERICA

vs.

Carlos MARIN-DELGADILLO,

       **Defendant,**

_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia Valle)? Yes ___ No_X_

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)? Yes ___ No_X_

                  Respectfully submitted,

                  ARIANA FAJARDO ORSHAN
                  UNITED STATES ATTORNEY

BY: _/s/ Susan R. Osborne_
                  Susan R. Osborne
                  Assistant United States Attorney
                  Court No. A5500797
                  500 South Australian Ave, Suite 400
                  West Palm Beach, Florida 33401
                  TEL (561) 209-1003